IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROXANN HALL, on behalf of herself and all other persons similarly situated, known and unknown,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MERIDIAN SENIOR LIVING, LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:21-cv-55<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Meridian Senior Living, LLC ("Defendant" or "Meridian") hereby removes this putative class action from the Circuit Court of Williamson County, Illinois, to the United States District Court for the Southern District of Illinois, Benton Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, and on the face of Plaintiff's pleading, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.　Overview of Claims Asserted and Relief Sought**

Defendant Meridian Senior Living, LLC is a limited liability company. Its sole member is a citizen of Delaware. Plaintiff Roxann Hall's Class Action Complaint asserts that as an employee at one of Meridian's facilities, she used timekeeping technology to clock in and out from work in a manner that violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq. See, e.g.*, Compl. ¶¶ 14-21, 35-43 (attached as part of Exhibit A).[1]

---

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on Defendant. *See* 28 U.S.C. § 1446(a).

Plaintiff alleges at least three categories of violations of Section 15 of BIPA. Compl. ¶¶ 38-40. Plaintiff alleges Meridian failed to:

1) inform Plaintiff in writing that his biometrics were being recorded, obtained, collected or stored (Section 15(b)(1));

2) inform Plaintiff of the specific purpose and length of term for which his biometrics were being collected, stored, and used (Section 15(b)(2)); and

3) obtain a written release from Plaintiff (Section 15(b)(3)).

Lastly, Plaintiff seeks injunctive relief, which includes enjoining Meridian from further alleged BIPA non-compliance. Compl. ¶¶ 45-54.

Plaintiff defines the putative class as "All persons whose hand, finger, face, retina or iris was scanned in the course of their employment at a facility owned, operated, or managed by Meridian Senior Living within the State of Illinois." *Id.* ¶ 25. Plaintiff contends that Meridian's violations of BIPA were "reckless" and seeks "the maximum applicable liquidated damages provided under BIPA for each time Defendant collected, captured, or otherwise obtained his or her biometric identifier or biometric information."[2] *Id*. ¶¶ 42-43.

## II. Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported class action (*id.* at ¶¶ 28-39) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions), 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"), and 1446 (permitting removal).

---

[2] Under BIPA, a plaintiff can recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation." 740 ILCS 14/20(2).

### a. Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. *See* Compl. ¶ 7. Meridian Senior Living, LLC is a citizen of the state of its sole member, which is Delaware. Declaration of Lawrence Bailey, ¶ 2 (attached as Exhibit B). Accordingly, minimal diversity exists.

### b. Amount in Controversy Exceeds $5,000,000

Here, on the face of Plaintiff's pleadings, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts at least four types of alleged violations, and seeks statutory damages for "each" violation (Compl. ¶¶ 35-43), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

The Complaint alleges Defendant violated BIPA as to at least 40 individuals. Compl. ¶ 27. Even 334 class members would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for the four BIPA violations alleged (334 x $5,000 x 3 = $5,010,000). Since November 23, 2015, Meridian has employed at least 334 people in Illinois who use finger scan technology to punch in and out of work. *See* Ex. B ¶ 4. Thus, as alleged, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## III.     The Procedural Requirements for Removal Have Been Satisfied

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Defendant was served on December 16, 2020. Ex. B ¶ 5. Counting forward 30 days

3

comes to January 15, 2021. Defendant is removing this matter, and therefore there are no other defendants whose consent would be necessary.

Defendant is today timely filing this notice with the Circuit Court of Williamson County, along with an executed copy of the Notice of Filing Notice of Removal. Defendant is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: January 14, 2021

Respectfully submitted,

/s/ *Melissa A. Siebert*

Melissa A. Siebert
Erin Bolan Hines (*Admission Application Forthcoming*)
SHOOK, HARDY & BACON LLP
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Phone: (312) 704-7700
Email: masiebert@shb.com
         ehines@shb.com

*Attorneys for Defendant Meridian Senior Living, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2021, the foregoing was filed via the Court's Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties of record:

Phillip A. Bock, Esq. (ARDC 6224502)
BOCK LAW FIRM, LLC
134 N. La Salla Street, Suite 1000
Chicago, Illinois 60602
Phone: (312) 658-5501
Fax:    (312) 658-5555
Email: service@classlawyers.com

Phillip A. Marks, Esq.
SIVIA BUSINESS & LEGAL SERVICES, P.C.
217 S. Main Street
Edwardsville, IL 62025
Phone: (618) 659-4499
Fax:    (855) 319-7816
Email: pmarks@sivialaw.com

*Attorneys for Plaintiff*

                                                              /s/ *Melissa A. Siebert*