# Exhibit A

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | For Court Use Only |
|---|---|---|
| _Williamson_ COUNTY | | |

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Roxann Hall on behalf of herself and a class of others | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Meridian Senior Living, LLC | **2020CH80** |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** | **Information about the lawsuit:** |
|---|---|---|
| | | Amount claimed: _____ $ For each class member, more than $1,000 per violation |

**2.** **Contact information for the Plaintiff/Petitioner:**

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

Name *(First, Middle, Last)*: Roxann Hall  c/o Bock Law Firm, LLC
Street Address, Apt #: 134 N. LaSalle St. Suite 1000
City, State, ZIP: Chicago IL 60602
Telephone: 312-658-5501
See attached for additional Plaintiff/Petitioner contact information

**3.** **Contact information for the Defendant/Respondent:**

In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

Name *(First, Middle, Last)*: Meridian Senior Living, LLC c/o Illinois Corporation Service C
Street Address, Apt #: 801 Adlai Stevenson Drive
City, State, ZIP: Springfield, IL 62703
Telephone:
See attached for additional Defendant/Respondent contact information

| **Important Information for the person receiving this form:** | You have been sued. |
|---|---|
| | Follow the instructions on the next page on how to appear/answer. |
| | • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. |
| | • Your written appearance/answer must be filed on time and in the proper form. |
| | • Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp |
| | If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.* |
| | You should read all of the documents attached. |

Enter the Case Number given by the Circuit Clerk:_____

<table>
<tr><td>

In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response.

</td><td>

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐  Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐  File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐  File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

</td></tr>
</table>

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** *Austin B Crall* 12/16/2020 **Clerk of the Court:** _____ |

*Seal of Court*

CIRCUIT COURT
★ FIRST ★
JUDICIAL
CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of its date, listed above. Date of Service: _____ *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 11/23/2020 4:08 PM
Andrew W. Wilson

**IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, ILLINOIS**
**CHANCERY DIVISION**

| | | |
|---|---|---|
| ROXANN HALL, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No.    2020CH80 |
| v. | ) ) | **CLASS ACTION** |
| MERIDIAN SENIOR LIVING, LLC, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

NOW COMES Roxann Hall, individually and on behalf of all others similarly situated ("Plaintiff"), by and through undersigned counsel, alleging as follows against Meridian Senior Living, LLC ("Defendant"), upon personal knowledge as to facts known to her and otherwise upon information and belief following investigation of counsel:

### INTRODUCTION

1.    Defendant is a private entity that owns, operates, or manages "senior living communities."

2.    This case seeks liquidated damages and other relief for persons employed in Illinois and subjected to Defendant's practice of collecting, capturing, or otherwise obtaining ("collecting") or using "biometric identifiers" or "biometric information" ("biometrics") in violation of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), an Illinois statute regulating and protecting the privacy of biometrics.

3.     Defendant has collected, captured, or otherwise obtained ("collected") biometrics (including fingerscans and retina or iris scans) collected from Plaintiff and others working in Illinois.

4.     Defendant has collected biometrics in Illinois: (a) without first disclosing in writing that it was collecting or capturing biometrics, and without stating in writing the specific purpose and length of term for which those biometrics were being collected, stored, and used; and (b) without first obtaining informed written consent or an executed release.

5.     Upon information and belief, Defendant has no publicly available retention schedule or guidelines for permanently destroying biometrics when the initial purpose for collecting or obtaining such biometrics has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

6.     Plaintiff seeks relief for herself and a class of others similarly situated.

## PARTIES

7.     Plaintiff, Roxann Hall, is an individual living in Carbondale, Illinois. She has been an Illinois resident at all relevant times.

8.     Defendant is a Delaware corporation headquartered at 6931 Arlington Rd, Suite 320, Bethesda, MD 20814. Defendant is registered with the Office of the Illinois Secretary of State and has identified Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703 as its registered agent for service of process in Illinois.

9.     Defendant manages more than 85 senior living communities in 21 states across the U.S., including Illinois, and is one of the nation's top 20 seniors housing operators.[1]

## JURISDICTION AND VENUE

10.     Jurisdiction is proper in Illinois pursuant to 735 ILCS 5/2-209, because Defendant conducts business in Illinois, because Defendant owns, uses, or possesses real estates in this State, or because has committed tortious acts in this State as alleged herein.

11.     Venue is proper in Williamson County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Williamson County, Illinois.

## BACKGROUND AND ENFORCEMENT OF BIPA

12.     The Illinois Legislature enacted BIPA to address the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

13.     In pertinent part, BIPA provides:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:
>
> (1)     informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored;

---

[1]     https://www.meridiansenior.com/find-your-community#/locations?amenities=&geolocationError=0&latitude=undefined&longitude=undefined&searchRadius=50&sortBy=state_then_city&state=Illinois (last visited on November 19, 2020); https://www.villasofhollybrook.com/find-your-community/ (last visited on November 19, 2020).

3

> (2)     informs the subject ... in writing of the specific purpose and
>          length of term for which a biometric identifier or biometric
>          information is being collected, stored, and used; and
>
> (3)     receives a written release executed by the subject of the
>          biometric identifier or biometric information or the
>          subject's legally authorized representative.

740 ILCS 14/15(b).

## FACTS

14.     From 2019 to 2020, Plaintiff worked as an hourly employee at Defendant's "Villas of Holly Brook Herrin" location on Rushing Drive, Carterville, IL 62918 and Meridian Senior Living issued her pay.

15.     Beginning in or around August 2019, Defendant required Plaintiff to permit her fingers to be scanned to participate in the payroll/timekeeping/employment system, and she was thereafter scanned approximately four times per workday: clock in, clock out for break, clock in after break, and clock out.

16.     Beginning in or around December 2019 or January 2020, Defendant required Plaintiff to permit her retina or iris to be scanned to participate in the payroll/timekeeping/employment system, and she was thereafter scanned approximately four times daily, as provided above.

17.     Defendant likewise collected biometrics from other persons employed in the various facilities Defendant owns, operates, or manages in Illinois.

18.     Defendant did not inform Plaintiff in writing of the specific purpose and length of term for which it was collecting, storing, and using her biometrics.

4

19.     Defendant did not provide a publicly-available retention schedule and guidelines for permanently destroying collected biometrics, such as Plaintiff's.

20.     Plaintiff did not consent in writing to the collection, storage, use, sale, lease, dissemination, disclosure, redisclosure, or trade of, or for Defendant to otherwise obtain, her biometrics.

21.     Plaintiff did not sign any written release permitting Defendant to collect, capture, or otherwise obtain her biometrics.

22.     Plaintiff does not know what Defendant has done with her biometrics.

23.     By this action, Plaintiff seeks liquidated damages and injunctive relief for herself and a class of others.

24.     Plaintiff does not assert or include within this lawsuit any person's potential claim for any violation of BIPA that may have occurred at any time when that person was included within, covered by, or subject to a collective bargaining agreement. Any and all such claims are excluded and disclaimed from this lawsuit.

## CLASS ALLEGATIONS

25.     Pursuant to 735 ILCS 5/2-801, Plaintiff brings this action on behalf of herself and the following proposed class:

> All persons whose hand, finger, face, retina or iris was scanned in the course of their employment at a facility owned, operated, or managed by Meridian Senior Living within the State of Illinois.

Plaintiff anticipates modifying this proposed class definition, including proposing subclasses where appropriate, after discovery about Defendant's collection or use of biometrics, and whether Defendant has shared biometrics with any other person, and

will do so through either an amended complaint, a motion for class certification, or both pursuant to 735 ILCS 5/2-802(b).

26.     This action is brought and may properly be maintained as a class action. Each element of Section 5/2-801 is satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the representative party will fairly and adequately protect the interests of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

## Numerosity/impracticality of joinder

27.     Plaintiff does not know the precise number of class members or their identities, but will obtain those in discovery from Defendant's records or the records of third parties. On information and belief, the class consists of more than 40 persons and, thus, is so numerous that individual joinder of each member is impracticable. In any event, individual joinder of absent class members is impracticable, and a class action is the superior method of resolving this case, for a variety of reasons: (1) class treatment of these claims promotes judicial economy, as the class members' claims are governed by Illinois law and involve only common issues about Defendant's collection or use of biometrics; (2) class members lack sufficient motivation to litigate as joined plaintiffs (or file and prosecute individual actions); (3) class members lack financial resources to litigate as joined plaintiffs and will benefit by pooling efforts and resources toward a common cause; (4) class members are geographically dispersed in Illinois; (5) Defendant's records are expected to be sufficient to identify

and notify the class members; and (6) Plaintiff seeks both liquidated damages and injunctive relief for all class members.

## Commonality

28.     There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

        a.     Did Defendant collect, capture, or otherwise obtain biometrics?

        b.     Did Defendant use biometrics to identify persons in Illinois?

        c.     Did Defendant develop and make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendant, whichever occurs first?

        d.     Did Defendant disclose in writing that it was collecting and storing biometrics?

        e.     Did Defendant disclose in writing the specific purpose and length of term for which it collected, stored, and used biometrics?

        f.     Did Defendant obtain a written release before collecting or capturing biometrics?

7

g.     Has Defendant negligently violated BIPA, 740 ILCS 14/15(a)?

h.     Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(a)?

i.     Has Defendant negligently violated BIPA, 740 ILCS 14/15(b)(l)?

j.     Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(b)(l)?

k.     Has Defendant negligently violated BIPA, 740 ILCS 14/15(b)(2)?

l.     Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(b)(2)?

m.    Has Defendant negligently violated BIPA, 740 ILCS 14/15(b)(3)?

n.     Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(b)(3)?

o.     Has Defendant disclosed Plaintiff's or the class's biometrics to any third party?

p.     Has Defendant sold, leased, traded, or otherwise profited from Plaintiff and the class's biometrics?

q.     Should the Court award injunctive relief?

r.     Should the Court award attorney's fees and costs?

**<u>Adequacy of representation</u>**

29.    Plaintiff is an adequate representative of the class. Her interests do not conflict with the interests of the class she seeks to represent. Defendant collected Plaintiff's biometrics without her informed written consent or release. Plaintiff is

8

committed to the vigorous prosecution of this action and has retained attorneys competent and experienced in complex class action litigation. Plaintiff and her attorneys will fairly and adequately protect the interest of members of the class.

**A class action is the appropriate method for the**
**fair and efficient adjudication of the controversy**

30.    A class action is the appropriate method for the fair and efficient adjudication of this lawsuit. The likelihood of individual class members prosecuting separate claims is remote. Individual litigation would burden the court system. Relief concerning the rights of the entire class, including Plaintiff, under the Illinois laws herein alleged would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**VIOLATIONS OF THE BIOMETRIC**
**INFORMATION PRIVACY ACT, 740 ILCS 14/1, ET SEQ.**
**(Damages)**

31.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein, and brings Count I on behalf of herself and the class.

32.    BIPA is a remedial statute designed to protect a person's privacy by requiring disclosures and written consent in connection with the collection of biometrics, including fingerprints, fingerscans, and retina or iris scans. 740 ILCS 14/5 (g), 14/10.

33.    The Illinois Legislature's recognition of the importance of the public policy underpinning its enactment is written in BIPA. *E.g.,* 740 ILCS 14/5 (a), (c), (g).

34.    Defendant's acts and omissions, at relevant times, have occurred in the course of trade or commerce in the State of Illinois. Defendant is a "private entity"

9

that collected and possessed Plaintiff's and the other class members' biometrics, within the meaning of BIPA as set forth more fully above.

35.   Defendant collected, captured, or otherwise obtained biometric identifiers or biometric information from Plaintiff and the other class members, as defined by BIPA. 740 ILCS 14/10.

36.   Section 14/15(a) of BIPA provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

37.   In violation of Section 14/15(a), Defendant failed to make such a written policy publicly available to Plaintiff and the other class members.

38.   Section 14/15(b) of BIPA provides:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

39.   In violation of Section 14/15(b), Defendant collected, captured, or

10

otherwise obtained Plaintiff's and the other class members' biometrics without:

    (i)  informing them, in writing, that their biometrics were being collected or stored;

    (ii)  informing them, in writing, of the specific purpose and length of term for which the biometrics were being collected, stored, and used;

    (iii)  first obtaining a written release executed by them.

  40.  Defendant collected, captured, or otherwise obtained Plaintiff and other class members' fingerprints or fingerscans, knowingly caused their biometrics to be collected, captured, or otherwise obtained, without their informed written consent or release, and without making publicly available a retention schedule providing guidelines for permanently destroying biometric identifiers and information.

  41.  Defendant's above-described conduct was negligent.

  42.  Defendant's above-described conduct was reckless.

  43.  As a result of Defendant's conduct, Plaintiff and the class have been damaged in violation of BIPA, and each class member is entitled to the maximum applicable liquidated damages provided under BIPA for each time Defendant collected, captured, or otherwise obtained his or her biometric identifier or biometric information.

**COUNT II**
**VIOLATIONS OF THE BIOMETRIC**
**INFORMATION PRIVACY ACT, 740 ILCS 14/1, ET SEQ.**
**(Injunctive Relief)**

  44.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein, and brings Count II on behalf of herself and all others similarly situated.

11

45.     Injunctive relief is available under BIPA. 740 ILCS 14/20(4).

46.     Plaintiff and the other class members are entitled to an order requiring Defendant to make disclosures consistent with BIPA and enjoining further unlawful conduct.

47.     Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first, as required by 740 ILCS 14/15(a).

48.     Plaintiff seeks an order requiring Defendant to disclose whether it has retained the biometrics of Plaintiff and other class members, whether any third party has had access to them or is in possession of them, or whether and when such biometrics were permanently destroyed, consistent with BIPA.

49.     Third, due to the above-described facts, and Defendant's failure to make publicly available facts demonstrating BIPA compliance as BIPA requires, the Court should: (a) order Defendant to disclose if it has sold, leased, traded, or otherwise profited from biometrics, or disseminated any biometrics; (b) order Defendant to disclose the standard of care that it has employed to store, transmit, and protect the biometrics that it collected, scanned, or otherwise obtained and retained; and (iii) enjoin Defendant from further BIPA non-compliance. 740 ILCS 14/15(c), (d), (e).

50.     Plaintiff and the other class members' legal interests are adverse to

12

Defendant. There is a substantial controversy between the class and Defendant warranting equitable relief so that the class members may obtain the protections that BIPA entitles them to receive.

51.      Plaintiff and the other class members do not know what Defendant has done (or intends to do) with their biometrics. Absent injunctive relief, Defendant is likely to continue its BIPA non-compliance and Plaintiff and other class members will continue to be in the dark on the subject.

52.      For the reasons set forth above, Plaintiff is likely to succeed on the merits of her claims.

53.      BIPA establishes the importance, value, or sensitive nature of biometric identifiers and biometric information, along with the need to protect and control them. Plaintiff is entitled to know what Defendant has done with it as set forth above, and to an affirmation that all of her biometric identifiers and information have been permanently destroyed as required by 740 ILCS 14/15(a).

54.      The gravity of the harm to Plaintiff and the class absent equitable relief outweighs any harm to Defendant if such relief is granted.

55.      As a result, Plaintiff requests commensurate injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

A.      Certify the class, and designate Plaintiff as class representative and her counsel as class counsel;

B.      Find that Defendant violated BIPA, as alleged above;

13

C.   Award to Plaintiff and the other class members $1,000 in liquidated damages for each time Defendant collected, captured, or otherwise obtained his or her biometric identifier or biometric information in violation of BIPA;

D.   If Defendant intentionally or recklessly violated BIPA, then award to Plaintiff and the other class members $5,000 in liquidated damages for each time it collected, captured, or otherwise obtained his or her biometric identifier or biometric information in violation of BIPA;

E.   Award to Plaintiff and each of the other class members $1,000 in liquidated damages for Defendant's violation of 740 ILCS 14/15(a);

F.   Provide injunctive relief for Plaintiff and the entire class, as set forth above; and

G.   Award reasonable attorney's fees and costs, including expert witness fees and other litigation expenses.

## JURY DEMAND

Plaintiff demands a trial by jury as to all matters so triable.

14

Dated: November 19, 2020   Respectfully submitted,

          ROXANN HALL, individually and as the representative of a class of similarly-situated persons,

          By: /s/ Phillip A. Bock
            One of their attorneys

Phillip A. Bock, Esq. (ARDC 6224502)
BOCK LAW FIRM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Tel: (312) 658-5501
Fax: (312) 658-5555
service@classlawyers.com

Paul A. Marks, Esq.
SIVIA BUSINESS & LEGAL SERVICES, P.C.
217 S. Main Street
Edwardsville, IL 62025
618-659-4499
855-319-7816 (fax)
pmarks@sivialaw.com

FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 11/23/2020 4:08 PM
Andrew W. Wilson

## IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| ROXANN HALL, individually and as the representative of a class of similarly situated persons, ) ) ) ) ) | |
| Plaintiff, ) ) ) | No.    **2020CH80** |
| v. ) ) | **CLASS ACTION** |
| MERIDIAN SENIOR LIVING, LLC, ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Roxann Hall, on behalf of herself and all others similarly situated ("Plaintiff"), by counsel, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, to certify the proposed class in this case, offering the following in support thereof:

1.     Plaintiff proposes the following class:

> All persons whose hand, finger, face, retina or iris was scanned in the course of their employment at a facility owned, operated, or managed by Meridian Senior Living within the State of Illinois.

The definition is appropriate because the class members can be ascertained by reference to objective criteria. The Court should certify the class, so this controversy can be resolved in a single action, rather than through separate individual actions.

2.     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. 735 ILCS 5/2-801 (2). The case involves common fact questions about MV Transportation, Inc., ("Defendant") practice of collecting "biometric identifiers" or

"biometric information" and common legal questions under the Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), such as:

    a.    Did Defendant collect, capture, or otherwise obtain biometrics?

    b.    Did Defendant use biometrics to identify persons in Illinois?

    c.    Did Defendant develop and make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendant, whichever occurs first?

    d.    Did Defendant disclose in writing that it was collecting and storing biometrics?

    e.    Did Defendant disclose in writing the specific purpose and length of term for which it collected, stored, and used biometrics?

    f.    Did Defendant obtain a written release before collecting or capturing biometrics?

    g.    Has Defendant negligently violated BIPA, 740 ILCS 14/15(a)?

    h.    Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(a)?

    i.    Has Defendant negligently violated BIPA, 740 ILCS 14/15(b)(l)?

    j.    Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(b)(l)?

2

k.      Has Defendant negligently violated BIPA, 740 ILCS 14/15(b)(2)?

l.      Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(b)(2)?

m.      Has Defendant negligently violated BIPA, 740 ILCS 14/15(b)(3)?

n.      Has Defendant intentionally or recklessly violated BIPA, 740 ILCS 14/15(b)(3)?

o.      Has Defendant disclosed Plaintiff's or the class's biometrics to any third party?

p.      Has Defendant sold, leased, traded, or otherwise profited from Plaintiff and the class's biometrics?

q.      Should the Court award injunctive relief?

r.      Should the Court award attorney's fees and costs?

3.      Plaintiff and her counsel will adequately protect the interests of the class. 735 ILCS 5/2-801 (3). The adequate representation requirement is designed to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claims. The adequacy of representation requirement is satisfied if Plaintiff's counsel is qualified, experienced, and generally able to conduct the proposed litigation and there are no antagonistic interests between the representative party and the class. Plaintiff has retained counsel experienced in class actions and the BIPA.

4.      This class action is an appropriate method for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801 (4). Section 5/2-801 (4) requires

3

that the "class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). When the first three statutory criteria are met, this "manifest[s] that the final requirement of the statute is fulfilled."

5.     Moreover, when determining whether a class action is appropriate, courts often consider whether the class action device can best secure economies of time, effort and expenses and promote uniformity of decision or accomplish other ends of equity and justice in the case under consideration. Here, the individual class members suffered damages that while cognizable, are small in terms of their dollar value.

6.     Plaintiff respectfully requests that the Court permit her to submit a brief in support of this motion after she conducts discovery relevant and necessary to the Court's determination of the class certification issue.

WHEREFORE, Plaintiff prays that this Court enter an order pursuant to 735 ILCS 5/2-801 certifying the class, appointing Plaintiff as the class representative, and appointing Plaintiff's attorneys as class counsel.

4

Dated: November 19, 2020

Respectfully submitted,

ROXANN HALL, individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
    One of their attorneys

Phillip A. Bock, Esq. (ARDC 6224502)
BOCK LAW FIRM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Tel: (312) 658-5500
Fax: (312) 658-5555
service@classlawyers.com

Paul A. Marks, Esq.
SIVIA BUSINESS & LEGAL SERVICES, P.C.
217 S. Main Street
Edwardsville, IL 62025
618-659-4499
855-319-7816 (fax)
pmarks@sivialaw.com