IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROXANN HALL, on behalf of herself and )
all other persons similarly situated known )
and unknown, )
)
             Plaintiffs, )  Case No. 21-cv-55-SMY
)
vs. )
)
MERIDIAN SENIOR LIVING, LLC )
)
             Defendant. )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Roxann Hall brings this putative class action against her former employer Meridian Senior Living, LLC ("Meridian") for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). Hall worked at a Meridian senior living facility from 2019 to 2020 and clocked in and out from work each day utilizing Meridian's finger-sensor and retina-scan timekeeping systems. She alleges that Meridian violated BIPA by collecting and storing her biometric information without issuing proper notices, obtaining written consent, or disclosing its retention and destruction policies.

This matter is now before the Court for consideration of Meridian's Motion to Stay (Doc. 17), which Plaintiff opposes (Doc. 19)[1]. For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

---

[1] Meridian contemporaneously filed a Motion to Dismiss which asserts that Plaintiff's claims are (1) barred by a one-year statute of limitations; (2) preempted by the Illinois Workers' Compensation Act; and (3) otherwise fail to state a claim (Doc. 15). Plaintiff filed a Response (Doc. 21).

## Discussion

Courts "have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Orders staying proceedings must both be "[]moderate" and within "reasonable limits." *Landis*, 299 U.S. at 257. In evaluating a motion to stay, courts consider whether the stay will: (1) "simplify the issues in question and streamline the trial," (2) "reduce the burden of litigation on the parties and on the court[,]" and (3) "unduly prejudice or tactically disadvantage the nonmoving party[.]" *Genzyme Corp. v. Cobrek Pharm., Inc.*, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011). Meridian moves to stay this case pending resolution of *Brandenberg v. Meridian Senior Living, LLC*, Case No. 20-cv-3198-SEM-TSH of four appeals that it claims will impact this litigation: (1) *In re: McDonald v. Symphony Bronzeville Park, LLC*, No. 126511 (Ill.); (2) *Tims v. Black Horse Carriers, Inc.*, No. 1-28-0563 (Ill. App. Ct., 1st Dist.); (3) *Marion v. Ring Container Technologies, LLC*, No. 3- 20-0184 (Ill. App. Ct., 3rd Dist.); and (4) *Cothron v. White Castle Sys., Inc.*, Case No. 20-3202 (7th Cir.).

### Brandenburg

Meridian moves to stay this case pending the outcome in *Brandenburg v. Meridian Senior Living, LLC*, No. 20-cv-3198-SEM-TSH filed in June 2020 and currently pending in the United States District Court for the Central District of Illinois. In *Brandenburg*, plaintiff seeks to represent a class of Meridian employees who scanned their fingerprints in Meridian's biometric time clock system in Illinois between June 2015 and the present.

No mechanical rule governs the handling of overlapping cases. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999). "The first-to-file rule provides that a district court

may, for purposes of judicial administration, dismiss or stay a suit when it is duplicative of a parallel action that is already pending in another federal court." *Guill v. Alliance Resource Partners, L.P.*, 2017 WL 1132613, at *2 (S.D. Ill. Mar. 27, 2017). The Seventh Circuit does not rigidly adhere to the first-to-file rule. *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). And, district courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another; second filed actions may proceed where favored by the interests of justice. *Nicholson v. Nationstar Mortgage LLC of Delaware*, 2018 WL 3344408, at *5 (N.D. Ill. July 6, 2018). A case is duplicative of another if the "claims, parties, and available relief do not significantly differ between the two actions." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F. 3d 873, 889 (7th Cir. 2012) (internal quotation marks and citation omitted).

Here, Meridian asserts that a stay will not prejudice Plaintiff because her interest in pursuing her BIPA claim is identical to the plaintiff's in *Brandenburg*. However, unlike *Brandenburg*, Plaintiff's proposed class extends beyond finger scans to retinol scans. Further, unlike the cases cited in support of a stay, both this case and *Brandenberg* are in their infancies – motions to dismiss are pending and discovery is ongoing. Given these facts, the Court finds that the interests of justice would not be served by staying this case pending resolution of *Brandenberg*.

### Illinois Workers Compensation Act

In *McDonald v. Symphony Bronzeville Park*, the Illinois Appellate Court held that the Illinois Workers Compensation Act ("IWCA"), 820 ILCS 305/1, does not preempt BIPA claims. *See McDonald v. Symphony Bronzeville Park,* 2020 WL 5592607, at *8 (Ill. App. Ct. 1st Dist., September 18, 2020). That decision is currently on appeal to the Illinois Supreme Court. Meridian asserts that this Court should await the *McDonald* decision because it could be dispositive of

Meridian's preemption defense. "Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) (citing *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997)).

Both Illinois courts and federal district courts have noted that it is unlikely that the Illinois Supreme Court will rule that IWCA preempts BIPA. *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020); *Donets v. Vivid Seats, LLC*, 20-cv-3551, R. 27 (N.D. Ill. Dec. 12, 2020) ("many state courts, and at least one federal district court, have refused to stay BIPA litigation pending resolution of an appeal of the IWCA preemption issue."); *Roberson v. Maestro Consulting Servs. LLC,* No. 20-CV-00895-NJR, 2021 WL 1017127, at *1 (S.D. Ill. Mar. 17, 2021) (denying motion stay pending *McDonald* decision). Given this persuasive authority, the Court finds that a stay based on *McDonald* is not likely to simplify the issues, streamline trial, or reduce the burden of litigation on the parties.

**Statute of Limitations**

BIPA does not contain a limitations period. Meridian argues that Plaintiff's claims are time-barred by a one-year statute of limitations, while Plaintiff argues that the five-year catchall statute of limitations applies. Unlike the IWCA preemption issue, no Illinois Appellate Court has decided the appropriate statute of limitations for BIPA claims. Meridian contends that this Court should stay the case pending decisions from the Illinois Appellate Court in *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184. Both cases will address the currently unsettled question of which statute of limitations period applies to

BIPA claims. A decision from the Illinois Appellate Court may be binding here because the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims. Thus, the Court finds it appropriate to stay this case pending the *Tims* and *Marion* decisions – which are both fully briefed. *See Roberson v. Maestro Consulting Servs. LLC,* 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021); *Varnado v. W. Liberty Foods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021) (staying the BIPA action until the limitations issue is resolved by the Illinois Appellate Court finding it would significantly advance judicial economy because plaintiff failed to file his BIPA claims within the one-year limitations period). Accordingly, Meridian's Motion to Stay pending the decisions in *Tims* and *Marion* is granted.

**Accrual**

Meridian also seeks a stay based on an interlocutory appeal pending before the Seventh Circuit that raises the question of when a BIPA claim accrues. *See Cothron v. White Castle System, Inc.*, No. 20-3202 (7th Cir.). Specifically, the Seventh Circuit will determine whether a private entity only violates BIPA when it first collects an individual's biometric information or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of 740 ILCS 15(b) or 15(d). *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Doc. 141 (N.D. Ill. Oct. 1, 2020). The district court in *White Castle* stayed the case because the Seventh's Circuit decision will affect whether the plaintiff has some or no timely claims, and the Seventh Circuit agreed that the stay was warranted. *Id.*, Doc. 144. Oral arguments are set for September 14, 2021. *Cothron v. White Castle*, Case No. 20-3202, Doc, 58 (7th Cir. June 21, 2021).

The *White Castle* decision will be binding on this Court and could significantly affect Plaintiff's claims. If the Seventh Circuit holds that a violation occurs only when the entity first collects or first discloses an individual's biometric data, Plaintiff may have no timely BIPA claims

depending on how the Illinois Appellate Court rules in *Tims* and *Marion*. And, even if Plaintiff's claims survive, the *White Castle* decision will affect the scope of the putative class, discovery, and potential remedies.

### Conclusion

For the foregoing reasons, Meridian's Motion to Stay (Doc. 18) is **GRANTED in part and DENIED in part**. All proceedings and deadlines in this case are stayed pending resolution of *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, *Marion v. Ring Container Techs., LLC*, No. 3-20-0184, and *Cothron v. White Castle System, Inc.*, No. 20-3202. The parties are **ORDERED** to file a status report within 14 days of each ruling. Meridian's Motion to Dismiss (Doc. 15) is **DENIED without prejudice** with leave to refile once the stay is lifted.

**IT IS SO ORDERED.**

**DATED: June 29, 2021**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**